IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALERIE M. SMIEJA and
JOHN SMIEJA,

                        Plaintiffs,

              v.

JOHN B. LYGA, WISCONSIN
MUTUAL INSURANCE COMPANY
and WISCONSIN MASONS' HEALTH
CARE FUND,

                        Defendants.

OPINION AND ORDER

08-cv-549-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Wisconsin Masons' Health Care Fund removed this civil action from the

Circuit Court for Trempealeau County, Wisconsin to this court under 28 U.S.C. § 1441(c).

Plaintiffs Valerie and John Smieja filed a motion requesting that either (1) the entire case

be remanded to state court because defendant Fund failed to obtain consent for removal

from defendants John Lyga and Wisconsin Mutual or (2) if removal was proper, plaintiffs'

claims against defendants Lyga and Wisconsin Mutual be severed from this case and

remanded to state court.  I conclude that removal was proper under § 1441(c) and that

plaintiffs' claims against defendants Lyga and Wisconsin Mutual should be severed and

1

remanded to state court.

For the sole purpose of deciding this motion, I draw the following facts from the complaint, defendant Fund's notice of removal and the parties' briefs.

ALLEGATIONS OF FACT

A. <u>Parties</u>

Plaintiffs Valerie and John Smieja are residents of Whitehall, Wisconsin. Defendant John Lyga is a resident of Independence, Wisconsin. Defendant Wisconsin Mutual Insurance Company provided liability insurance coverage to defendant Lyga. Defendant Wisconsin Masons' Health Care Fund is a multi-employer benefits plan, as defined by 29 U.S.C. §§ 1002(2), (3) and (37), that provides certain health care benefits to Fund participants and their dependents. Plaintiff John Smieja is a Fund participant and plaintiff Valerie Smieja is his dependent.

B. <u>Valerie's Accident and Medical Claims</u>

On May 20, 2008, plaintiff Valerie Smieja was involved in an automobile accident with defendant Lyga that resulted in personal injuries to Valerie. Defendant Wisconsin Mutual is defendant Lyga's insurance carrier.

Defendant Fund refused to pay plaintiffs' health care claims. Defendant Fund's

2

conduct was malicious.

## C. <u>Plaintiffs' State Court Case</u>

On August 15, 2008, plaintiffs filed a summons and complaint against defendants in the Circuit Court for Trempealeau County, Wisconsin, alleging that defendant Lyga's negligence was the proximate cause of Valerie's personal injuries and that Lyga's negligence injured plaintiff John Smieja by causing him loss of society, companionship and consortium. Plaintiffs allege that they are entitled to a payment from defendant Wisconsin Mutual "for underinsured coverage to the full extent allowed by law."  Finally, plaintiffs contend that defendant Fund's refusal to pay plaintiffs' health care claims was a violation of its duty and obligations under its health care benefits plan and that defendant Fund lacked a reasonable basis in law or fact on which to refuse plaintiffs' claims.

Defendant Fund was served with the summons and complaint on August 26, 2008. On September 18, 2008, defendant Fund filed a notice of removal in this action pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1331, contending that plaintiffs had stated a separate and independent claim against defendant Fund concerning its health care benefit plan that is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B).  On September 26, 2008, plaintiffs filed a motion to remand the case under 28 U.S.C. § 1447(c).

3

OPINION

A.  Removal

Plaintiffs contend that defendant Fund's removal was improper because defendant Fund failed to obtain the other defendants' consent.  Defendant Fund contends that § 1441(c) allows it to remove without obtaining the other defendants' consent because plaintiffs' claim against Fund is "separate and independent" from the other claims in the suit.  According to § 1441(c),

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matter in which State law predominates.

Section 1331 provides federal jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.  If a plaintiff's claim against a removing defendant is "separate and independent" from the other claims in the suit, the removing defendant is not required to obtain the consent of the other defendants.  Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 183 (7th Cir. 1984).  Therefore, removal was proper if plaintiffs' claim against defendant Fund raises a federal question that is separate and independent from the claims against defendants Lyga and Wisconsin Mutual.

1.  Federal question

4

A cause of action to recover medical benefits is a cause of action based on federal law when entitlement to the benefits stem from an ERISA plan and no legal duty independent of ERISA or the plan terms is violated, 29 U.S.C. § 1132(a)(1)(B). Franciscan Skemp Healthcare Inc. v. Central States Joint Board Health and Welfare Trust Fund, 538 F.3d 594, 597 (7th Cir. 2008) (citing Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)). Plaintiffs' allege that defendant Fund refused to pay Valerie Smieja's medical claims submitted to defendant Fund. Plaintiffs do not dispute that their alleged entitlement to medical coverage from defendant Fund is based on the terms of defendant Fund's ERISA-regulated employee benefit plan. Further, plaintiffs do not allege that defendant Fund violated any legal duty independent of ERISA. There can be no doubt that plaintiffs are seeking to recover benefits from defendant Fund under its ERISA plan. Therefore, plaintiffs' claim against defendant fund raises a federal question in satisfaction of 28 U.S.C. § 1331.

2.  Separate and independent

In determining whether § 1441(c) has been satisfied, "[i]t is well-settled that a claim is not 'separate and independent' if it arises from the same loss or actionable wrong." Lewis v. Louisville & Nashville Railroad Co., 758 F.2d 219, 221 (7th Cir. 1985) (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14-16 (1951)). In other words, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of

5

transactions, there is no separate and independent claim or cause of action under § 1441(c)." <u>Finn</u>, 341 U.S. at 14.  Plaintiffs contend that their claim against defendant Fund is not separate and independent from their claims against defendants Lyga and Wisconsin Mutual "because [all claims] essentially arise form the same facts and will require overlapping proof." Plts.' Remand M., dkt. #10, at 4.  However, defendants are mistaken.

Plaintiffs' allegations establish that they suffered two actionable wrongs, for which they seek relief, not one.  First, plaintiffs seek relief from defendants Lyga and Wisconsin Mutual because of Lyga's alleged negligence in causing personal injuries to plaintiff Valerie Smieja.  Second, plaintiffs seek relief from defendant Fund because it refused to pay the medical claims filed by plaintiff Valerie Smieja.  Whether defendant Fund violated the terms of its ERISA plan will depend on federal law and the terms found in the plan and not on whether defendant Lyga was negligent.

Further, the only overlap between the two wrongs is that the medical claims Valerie filed with defendant Fund represented costs incurred from the accident with defendant Lyga. Nonetheless, that slight overlap does not change the conclusion that plaintiffs suffered two separate wrongs: (1) defendant Lyga's negligence and (2) defendant Fund's refusal to pay Valerie's medical bills.  Therefore, plaintiffs' claim against defendant Fund for payment of benefits under Fund's ERISA plan is separate and independent from plaintiffs' negligence claim against defendants Lyga and Wisconsin Mutual.

6

Because plaintiffs' claim against defendant Fund raises a federal question that is separate and independent from the claims against defendants Lyga and Wisconsin Mutual, defendant Fund's removal was proper under § 1441(c).

## B. <u>Remand</u>

Although an entire case may be properly removed under § 1441(c), "the district court . . . in its discretion, may remand all matters in which State law predominates." Plaintiffs' tort claims against defendants Lyga and Wisconsin Mutual are clearly "matters in which State law predominates." These claims are based on negligence and will require application of state tort law. Further, it is undisputed that defendants Lyga and Wisconsin Mutual did not consent to the removal of this case from state court. Therefore, I find it proper to remand plaintiffs' claims against defendants Lyga and Wisconsin Mutual to state court.

## ORDER

IT IS ORDERED that

1. The motion to remand, dkt. #10, filed by plaintiffs Valerie and John Smieja, is DENIED with respect to their claim against defendant Wisconsin Masons' Health Care Fund and GRANTED with respect to their claims against defendants John Lyga and Wisconsin Mutual Insurance Company.

7

2.  Plaintiffs' claims against defendants John Lyga and Wisconsin Mutual Insurance Company are SEVERED from federal case number 08-cv-549-bbc and REMANDED to the Circuit Court for Trempealeau County, Wisconsin.  The clerk of court is directed to transmit a copy of this order to the Circuit Court for Trempealeau County, Wisconsin.

Entered this 21st day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge